COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| MARCELINO FRED RODRIGUEZ, | § | No. 08-14-00046-CR |
| Appellant, | § | Appeal from the |
| v. | § | 292nd Judicial District Court |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| Appellee. | § | (TC# F10-61194-V) |
| | § | |

## <u>MEMORANDUM   OPINION</u>

Marcelino Fred Rodriguez appeals the trial court's judgment convicting him of burglary of a habitation, enhanced by a prior felony conviction.[1]   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After being indicted for the offense identified above, Rodriguez entered an open plea of guilty.   In conjunction with his open plea, Rodriguez judicially confessed and signed plea admonishments, which adequately informed him of his rights.   In the written admonishments, Rodriguez waived his rights and acknowledged that his "statements and waivers [were] knowingly, freely, and voluntarily made with full understanding of the consequences."

At the plea hearing, the trial court accepted Rodriguez's plea after ascertaining that he

---

[1] Rodriguez is also appealing the trial court's judgments in two companion cases tried concurrently with this case.   In appellate cause No. 08-14-00032-CR, he appeals his conviction for unlawful possession of a controlled substance.   In appellate cause No. 08-14-00033-CR, he appeals his conviction for unlawful possession of a firearm by a felon.

understood the charge against him and the enhanced range of punishment. The trial court also took judicial notice of the contents of its file and admitted into evidence, without objection, the written plea admonishments and certified copies of five prior convictions. The trial court then heard testimony from Rodriguez, his mother, and two of his victims. Rodriguez admitted he was pleading guilty, accepted responsibility for his crime, and requested leniency on the basis that his "actions were not intentional but being controlled by [his] drug addiction" following his father's death. After listening to closing arguments, the trial court found Rodriguez guilty, the enhancement true, and sentenced him to twenty years' imprisonment.[2] *See* TEX.PENAL CODE ANN. § 30.02 (a), (c)(West 2011)(burglary of a habitation is a second-degree felony); TEX.PENAL CODE ANN. § 12.42(b)(West Supp. 2014)(second-degree felony enhanced by prior felony is punishable as a first-degree felony); TEX.PENAL CODE ANN. § 12.32(a)(West 2011)(range of punishment for first-degree felony is imprisonment for life or for 5 to 99 years). When asked by the trial court if there was any legal reason why Rodriguez's sentence could not be pronounced then and there, defense counsel answered in the negative.

*ANDERS* **BRIEF**

Rodriguez's court-appointed appellate counsel has filed an *Anders* brief.[3] *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [panel op.] 1978)(adopting the *Anders* procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal

---

[2] This sentence ran concurrent to the sentences imposed in the two companion cases.

[3] Counsel was also appointed to represent Rodriguez in the two companion cases identified in footnote number one. In each of those cases, counsel filed an *Anders* brief as well.

conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel was thus permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*.

In this case, Rodriguez's counsel has concluded that after a thorough review of the record, Rodriguez's appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. In accordance with *Anders*'s requirements, counsel has moved to withdraw. As required, counsel notified Rodriguez of the *Anders* brief and provided him with a copy of it, advised him of his right to examine the appellate record and file a *pro se* brief in this Court, and informed this Court, in writing, that she performed the foregoing requirements. *Kelly v. State*, 436 S.W.3d 313, 319 (Tex.Crim.App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex.Crim.App. 2008). Counsel also satisfied her obligation to "take concrete measures to initiate and facilitate the process of actuating [her] client's right to review the appellate record, if that is what [her] client wishes[,]" by providing Rodriguez with a copy of the appellate record. *Kelly*, 436 S.W.3d at 319. Rodriguez has not filed a *pro se* brief.

**INDEPENDENT REVIEW**

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a

3

further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## CONCLUSION

We affirm the trial court's judgment and grant counsel's motion to withdraw.


January 16, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4